## MILLS v. SMITH et al.
### No. 6918.

Circuit Court of Appeals, Seventh Circuit.
Jan. 22, 1940.

As Modified on Petition for Rehearing
June 28, 1940.

Louis M. Hammerschmidt and Milton A. Johnson, both of South Bend, Ind., for appellant.

Seebirt, Oare & Deahl, of South Bend, Ind., for Raymond R. Smith, receiver.

Parker, Crabill, Crumpacker, May, Carlisle & Beamer, of South Bend, Ind., and Barnes, Myers & Price, of Philadelphia, Pa., for Girard Trust Co., trustee.

Eli F. Seebirt, Lenn J. Oare, Al. W. Johannes, Shepard J. Crumpacker, and Woodson S. Carlisle, all of South Bend, Ind., for appellees.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

406

**EVANS, Circuit Judge.**

Plaintiff sued the South Bend Railroad, an interurban railroad, in July of 1928, to recover damages suffered in February, 1928, through the negligence of the railroad. The trial began on October 30, 1930, and a verdict for plaintiff was rendered upon which judgment was entered, December 22, 1930. On October 30, the day of the commencement of the personal injury trial, the receiver of the South Bend Railroad was discharged. He did *not* notify plaintiff of his discharge, and his counsel continued to defend the action before court and jury and took the appeal which resulted in the affirmance of the judgment in the Indiana Appellate Court on April 26, 1933. They also represented said receiver in the Indiana Supreme Court when it refused (April, 1934) to transfer the case to its docket.

The property upon which the lien is sought to be established was sold in the foreclosure proceedings to Northern Indiana Railway on February 11, 1930, pursuant to the foreclosure decree which was entered November 9, 1929. The purchaser itself soon became involved in financial difficulties, and in the Indiana state court sought relief from its troubles through the appointment of a receiver—the same one chosen by the United States District Court —who was to struggle with the ever old but nevertheless perplexing problem of endeavoring to make receipts and expenses of an interurban railroad meet. The receiver was appointed, December 28, 1931.

Plaintiff filed his claim in that suit, but never brought it to hearing. He instituted this suit in the Federal District Court, February 14, 1936, to establish his lien and to enjoin the state court from proceeding further. The District Court dismissed plaintiff's complaint on the ground that it was without jurisdiction either to try and determine the asserted cause of action set forth in the complaint or interfere with the activities of the state court.

Briefly chronologized, the events of this lengthy complex litigation are:

| | | |
|---|---|---|
| July | 9, 1927 | Foreclosure suit and receiver appointed in state court for South Bend Railway. |
| Feb. | 19, 1928 | Accident occurred causing plaintiff's injury. |
| July | 1, 1928 | Plaintiff brought suit in state court to recover judgment. |
| Nov. | 9, 1929 | Foreclosure decree and sale of property ordered in U. S. District Court. |
| Feb. | 11, 1930 | District Court approved Northern Indiana Railway's purchase. |
| Oct. | 30, 1930 | Receiver discharged because work done. |
| Oct. | 30, 1930 | Trial of plaintiff's action in state court begun. |
| Dec. | 22, 1930 | Plaintiff recovered $12,500 judgment against receiver of South Bend Railway. |
| Dec. | 28, 1931 | Receiver appointed for purchasing railway in Indiana court. |
| April | 26, 1933 | Personal injury judgment affirmed by Indiana Appellate Court. |
| Sept. | 12, 1933 | Plaintiff filed claim in state court receivership. |
| April | 26, 1934 | Motion to transfer personal injury judgment to Supreme Court denied. |
| February 14, 1936 | | Plaintiff began instant suit. |

Appellant contends:

(1) The Federal District Court has jurisdiction because of the reservation clause in the foreclosure decree, which jurisdiction is superior and exclusive to that of the subsequent state court receivership, now pending.

(2) His personal injury judgment lien is superior to that of any mortgage on the railroad property, because a current expense during receivership, and also argues his judgment is binding upon the purchaser at the foreclosure sale.

Appellees' defenses are many. They maintain:

(1) The personal injury judgment is void because it was entered against the railroad's receiver after his discharge, and is void against the purchasing railroad because it was not a party to any of the proceedings, as required by the foreclosure decree.

(2) The District Court retained no jurisdiction of this sort of controversy, having discharged its receiver unconditionally, and having surrendered its jurisdiction; the sole custody of the property is now in the Indiana state court.

(3) The judgment, even if valid, could not have the effect of casting a lien on the property of the purchasing railroad. Con—

ceding that in some instances judgments for personal injury are a lien on current income, the aggrieved party should have intervened in the receivership distributing that income and not awaited its termination, and eleven years after the cause accrued and five and a half years after the termination of the receivership, seek to disturb property then in the hands of another receivership court, and subject to many other claims.

(4) Appellant's sole remedy is in the pending state court receivership, the situs of all the assets.

(5) Appellant has been guilty of laches.

The provisions of the foreclosure decree and the decree in the consolidated cause are important because they define the status of personal injury judgments both before and after the announcement of the decree, and contain the court's reservation of jurisdiction. The following are from said decrees:

as to status of personal injury judgment—

"(d) that certain named judgments (23 in number totalling $9448.20) for injuries to persons and property, were allowed as *junior, inferior and subsequent to the* liens of each of said three *mortgages*, but were senior to all general claims against said company or its receiver.

\* \* \* \* \* \*

" 'All liability for *negligence claims not now reduced to judgment* against Chicago, South Bend & Northern Indiana Railway Company or against said Raymond R. Smith, as Receiver thereof, *shall be valid as against the property* of said Railway Company, at the sale herein ordered made *to the same extent as though any judgment thereon had been recovered prior to the sale.*' "

"For the purpose of enforcing the provisions of this decree, jurisdiction of this cause is retained by this Court, and the Court reserved the right to retake and resell the property in case such purchaser or his successors and assigns shall fail to comply with any order of the Court in respect to the payment of such principal indebtedness or liabilities within thirty days after service of a copy of such order, or if an appeal be taken from any such order, within twenty days after the service of notice of the entry of the order finally affirming such order on appeal."

■ *Laches.* Defendants argue that the plaintiff was clearly guilty of laches. We are not so convinced. Plaintiff brought his action to recover damages for personal injuries by him suffered, in July, 1928, or only six months after he sustained his injury. The trial of this action began October 30, 1930. A delay of two years and three months here occurred for which in the absence of explanation, we cannot charge plaintiff. After trial another delay of two months occurred before the court entered judgment. This was not chargeable to plaintiff. The receiver and the railroad company then appealed, and the cause was decided by the Indiana Appellate Court, April 26, 1933. This was an extraordinary delay of nearly two and a half years. Surely we are not to hold plaintiff, the appellee in that appeal, responsible for this unusual and inexcusable delay. If chargeable to either of the parties, it must be to appellants in that appeal, the appellees here. Nor is this all. The appellants continued their efforts to reverse the judgment by appealing to the Indiana Supreme Court. That court took a year before denying the removal application. For this delay, again plaintiff is not chargeable.

■ We must also reject the argument that plaintiff should have pressed his claim in the Federal and state receivership proceedings, notwithstanding the pending litigation in the Indiana state court, to which we have just alluded.

It is clear, upon the facts disclosed, that the state courts and they, only, could finally determine the validity of plaintiff's claim. The action for damages was properly instituted in the state court and there terminated in a judgment. No other court could set aside a judgment thus validly entered, save one of the two Indiana appellate courts.

While the time which these appeals have taken is quite nonunderstandable in this day when the law's delays have been so successfully overcome in other jurisdictions, we assume, and we are quite certain, that the delays were not all attributable to the courts. Experience has demonstrated that the art of postponement is highly developed by many in the legal profession and when well practiced is almost as effective as a good, valid defense.

■ *Validity of Plaintiff's judgment.* It is argued that the judgment rendered in

plaintiff's favor in the circuit court of Indiana is void because the receiver, a defendant in said action, was discharged the day the trial began.

He gave no notice of his discharge to opposing counsel or to the court, then or later. He chanced a trial in the state trial court where if he won he would have been a party and his action would have been ratified. Moreover, the receiver took an appeal from the judgment rendered in the circuit court and paid the attorney's fees and other expenses of that appeal. He also tried to transfer the case from the appellate court to the Indiana Supreme Court, and paid the expenses thereof, as well as counsel fees incurred in such effort. He has availed himself of the advantages resulting from the delays occasioned by the appeals which he took, to charge the plaintiff with laches. After all this he now asserts that all these proceedings are as to him void because he was discharged as a Federal court receiver.

A decent regard for consistency is conspicuous by its absence. This, in brief, describes appellees' position. Nor are we willing to permit a Dr. Jekyll and Mr. Hyde performance to defeat a judgment which was entered after trial, conducted in good faith by a court which labored under the belief that the defendant before it was a party thereto properly defending the action. We are convinced that the receiver would have been authorized to defend that litigation had he won. Only after he lost did he find he was without authority to defend the action. His appeals wherein he paid the expenses and attorney's fees are in like position. The theory of lack of authority to prosecute appeals would not have occurred to the receiver nor to his counsel and authority would have been found in ratification had the appeals resulted in a reversal instead of the affirmance of the judgment.

We can not approve of such conduct which reflects both upon litigant and his defenses. In fact, we disapprove. Nor does the law require us to invalidate the judgment rendered under such circumstances.

 When plaintiff brought his action, the receiver was the defendant. He appeared and answered, and in so doing he was the authorized and proper spokesman for, and the protector of, the defendant. He continued to be so until the end of the litigation unless something occurred which took from him this authority. When the court discharged him it nevertheless allowed him a sum with which he was to carry on the defense of this suit. Payment to his counsel was made with the latter's obligation to defend this action, and if necessary to appeal. Payment of fees to counsel was on this understanding. These payments were made with the knowledge of the court. There was a clear understanding that the receiver was to continue to act to protect the defendant in this particular action. The discharge of the receiver was subject to the implied autority (as well as duty) to protect defendant by defending this suit, for which the court made allowance to receiver and receiver's attorneys.

 *Was the Judgment a Lien on Railway's Property?* Defendants argue that the judgment, even though valid, was not a lien on the property of the purchasing railroad. Their contention is answered by the provision of the foreclosure decree from which no appeal was taken, and which provided that "all liability for negligence claims not now reduced to judgment shall be valid as against the property of said railway company at the sale herein ordered made, to the same extent as though any judgment thereon had been recovered prior to the sale." This provision leaves nothing to defendants' contention that the judgment is not a valid lien on defendants' property.

*Jurisdiction of Federal Court to enforce the Lien.* Appellant contends that the District Court, in terminating the receivership, retained jurisdiction for certain purposes including the disposition of this suit. We are satisfied that in the absence of such retention of jurisdiction, plaintiff's remedy for the enforcement of his judgment which is also a lien upon the defendants' property, was in the state court where the pending receivership lies. We have diligently searched the decree for reservations of jurisdiction to grant the relief here sought. It is true the court did "retain jurisdiction for the purpose of enforcing the provisions of this decree and reserving the right to take and resell the property in case the purchaser and his successor failed to comply with an order of this court." However, there was a limitation of thirty days after judgment was entered or after the judgment was affirmed on appeal, which restricted this reservation.

For the purpose of this question we assume that the thirty day reservation of jurisdiction applied only to the taking and reselling of the property in case the purchaser failed to comply with · the orders respecting payment. We do not believe the reservation of jurisdiction for the purpose of enforcing the provision of this decree, included or was intended to include matters of execution upon the property upon which plaintiff's judgment was made a lien or to pass upon questions not raised at the time of its entry,—of *priority* of judgment liens over the mortgages. The judgment when entered was declared to be "valid as against the property of the railroad company * * * to the same extent as though any judgment thereon had been recovered prior to this sale." There was no express adjudication that such judgment should be prior to the mortgages, although there may be some implication to this effect in the fact that another provision adjudged that other tort claimants whose claims arose before receivership, were given the status of general creditors. It is at least inferable that the court would have included claims like the plaintiff's which occurred during receivership operation and were against the receiver, within the paragraph covering the other personal injury claims, were it not for the fact that they had a lien above and superior to general creditors, and of course that superiority lay in its asserted priority over mortgages or attached to operating revenue.

There was, however, only general recognition and declaration of the lien on property of the debtor, which appeared in the decree.

It seems clear that the court intended to terminate the receivership, discharge the receiver, and turn the property over to the purchaser. An obstacle to this action was to be found in the existence of plaintiff's claim. Of course, the court could have continued the receivership to await the ultimate disposition of this claim. This was hardly feasible for other like claims might arise. Disposition was therefore made which was eminently fair to both sides. It was a practical solution of the problem before the court. The receivership should end and the property should be turned over to the purchaser. The transfer was, however, subject to any judgment which might be rendered in favor of the plaintiff and · against the receiver for damages sustained on account of railroad's negligence during the receiver's operation. The purchaser took the property subject to such lien. This lien would be avoided if no judgment were ever entered. Otherwise the lien of the judgment followed the property. Purchaser acquired the property burdened with said lien.

It does not follow, however, that the court which created the lien and ended the receivership is the only court to enforce the lien. In fact it may, of necessity, give way to the jurisdiction of other courts in certain instances.

Where another court of competent jurisdiction, through foreclosure or receivership proceedings, has subsequently· acquired possession of the *res* which is the subject of said lien, the lienholder's selection of the forum is restricted to the court having possession of the *res* unless consent be given by said court to the maintenance of suit in some other court. Here the court where plaintiff must proceed to enforce his lien is the Indiana Circuit Court where the receivership proceedings are now pending. It might have been otherwise if the Federal court in creating the lien had specifically retained jurisdiction *to enforce the lien.* Not having done so, the lien was enforceable in any court having jurisdiction of the parties, until the state court took the *res* which was burdened with the lien. The lienholder from then on was required to go there for relief.

## On Petition for Rehearing.

The decree of the District Court is reversed with directions to the District Court to enter a decree wherein it expressly adjudges that the plaintiff has a valid lien upon the property purchased by the Northern Indiana Railway, Inc., for the amount of his judgment; that the said judgment is a valid adjudication against the parties defendant in this proceeding; that the appellant has not been guilty of laches; that plaintiff may proceed to enforce his judgment in the United States District Court if consent be granted by the Indiana State Circuit Court, and in case such consent is not given, said plaintiff may proceed and is authorized to proceed in said state court as fully as he could in this court to enforce his said judgment lien against the property of the Northern Indiana Railway, Inc., and for any other rights which he may have by virtue of his judgment as determined and established by this court, as well as

the lien which was created by said judgment and the judgment of this court by this decree; and for any other relief consistent with the views expressed in this opinion.

It is further adjudged that plaintiff recover his costs on this appeal.